**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
U.S. BANK TRUST, N.A.,

                Plaintiff,

                                       **ADOPTION ORDER**

           -against-                      15-CV-3311 (ADS)(AYS)

THOMAS E. CONYERS
A/K/A Thomas E. Conyers, Jr., BURNESTEEN
P. CONYERS, NASSAU COUNTY CLERK,
PEOPLES UNITED BANK
also known as Peoples United Bank, National
Association successor by merger to Ocean Bank
formerly known as Ocean National Bank
successor by merger Granite Bank,
N.A.formerly known as Granite Bank formerly
known as First Northern Co-op Bank, A.F.S.B.
formerly known as First Northern Co-Operative
Bank,

                        Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Gross Polowy LLC**
*Attorneys for the Plaintiff*
1775 Wehrle Drive
Suite 100
Williamsville, NY 14221
      By: Keith Young, Esq.
          Steven Rosenfeld, Esq., Of Counsel

**SPATT, District Judge**.

On June 5, 2015, the Plaintiff U.S. Bank Trust, N.A. (the "Plaintiff") commenced this

action against the Defendants Thomas E. Conyers A/K/A Thomas E. Conyers, Jr.; Burnesteen P.

Conyers; Nassau County Clerk; and Peoples United Bank, also known as Peoples United Bank,

National Association successor by merger to Ocean Bank formerly known as Ocean National

Bank successor by merger Granite Bank, N.A. formerly known as Granite Bank

formerly known as First Northern Co-op Bank, A.F.S.B. formerly known as First Northern Co-Operative Bank (collectively, the "Defendants").  The action was brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a mortgage encumbering 130 Boylston Street, Hempstead, New York 11550, together with the land, buildings, and other improvements located on the property.

On July 22, 2015, the Clerk of the Court issued a certificate of default against all of the Defendants.

On October 14, 2015, the Plaintiff moved for a default judgment.

On October 15, 2015, the Court referred the Plaintiff's motion to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On August 17, 2016, Judge Shields issued a report (the "R&R") recommending that judgment of foreclosure and sale be granted; the Court appoint a Referee to conduct the sale of the mortgaged premises; and the damages set forth in the Affidavit of Statement of Damages be awarded in the amount of $344,197.52.  Judge Shields further recommended that the Plaintiff's request of $3500.00 in attorneys' fees be granted, and the Plaintiff be awarded costs in the amount of $1605.00.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1

(E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The parties are directed to file a proposed judgment of foreclosure and sale containing a proposed referee within 30 days of the date of this Order.

**SO ORDERED.**
Dated: Central Islip, New York
September 30, 2016

                                                   _Arthur D. Spatt_
                                                 ARTHUR D. SPATT
                                          United States District Judge